IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROY HARNESS, ET AL.                                                                         PLAINTIFFS

V.                                                             CIVIL ACTION NO. 3:17-cv-791-DPJ-FKB

DELBERT HOSEMANN, SECRETARY OF
STATE OF MISSISSIPPI                                                                        DEFENDANT

## ORDER

This cause is before the Court on Mississippi Secretary of State Delbert Hosemann's motion to consolidate [20]. Secretary Hosemann requests that the Court consolidate *Hopkins, et al. v. Hosemann,* Civil Action No. 3:18-cv-188-CWR-LRA, with this case. For the reasons described below, the Court finds that the motion should be granted.

Rule 42 of the Federal Rules of Civil Procedure provides that the court may consolidate multiple pending actions "involving a common question of law or fact ... [and] may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). In exercising their broad discretion in determining whether to consolidate actions, federal courts consider many factors, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*In re Camp Arrowhead, Ltd.*, No. CIVA SA-10-cv-170-XR, 2010 WL 841340, at *1 (W.D. Tex. Mar. 8, 2010); *see also Crest Audio, Inc. v. QSC Audio Prod., Inc.*, No. 3:12-cv-755-CWR-FKB, 2016 WL 3249217, at *2 (S.D. Miss. Mar. 4, 2016).

1

The two cases are substantially similar to one another. They are both before the United States District Court for the Southern District of Mississippi, Northern Division. Both cases have been brought by a group of plaintiffs who are convicted felons, who have served their sentences, and who now challenge the felon disenfranchisement provisions of the Mississippi Constitution of 1890. [19] at 1, 4, [20-1] at 4-6. Both specifically contend that Section 241 of the Mississippi Constitution violates the Fourteenth Amendment's Equal Protection Clause under the United States Constitution. [19] at 19-20; [20-1] at 11-13, 42. And both cases name Secretary Hosemann as the sole defendant and seek injunctive relief which would specifically prohibit him from enforcing Section 241 of the Mississippi Constitution. [19] at 21; [20-1] at 47. Factors (1), (2), and (3) each favor consolidation.

The *Hopkins* plaintiffs identify no specific prejudice that would result from consolidation. *See* [29]. The *Harness* plaintiffs contend that their case would take longer to resolve should the two be consolidated, jeopardizing their chances of being permitted to vote in the 2019 state elections. [27]. Both cases will require the Court to examine the same provision of the Mississippi Constitution and the same claims of racially discriminatory intent and impact. Both cases will also require the Court to determine whether Secretary Hosemann should be enjoined from enforcing the same provision of the Mississippi Constitution. Consequently, there is an inherent risk of inconsistent adjudications of factual and legal issues if the cases are tried separately. This risk outweighs any prejudice that consolidation would cause any party. Factor (4) weighs in favor of consolidation.

Combining the cases will conserve judicial resources, and no party has alleged that their consolidation will grant anyone an unfair advantage. Factors (5) and (6) therefore weigh in favor of consolidation.

Consolidating the cases should reduce the total amount of time necessary to conclude both cases. And because the cases are so similar, trying them together would be the more efficient option. Accordingly, Factors (7) and (8) also weigh in favor of consolidation.

As all eight factors favor consolidation, the Court finds that the motion should be granted and that these two cases should be consolidated.

For the reasons stated above, it is hereby ordered:

1. The motion to consolidate cases [20] is granted.

2. *Hopkins, et al. v. Hosemann,* Civil Action No. 3:18-cv-188-CWR-LRA, is hereby consolidated with *Harness, et al. v. Hosemann,* Civil Action No. 3:17-cv-791-DPJ-FKB. All future filings and proceedings in these cases will be in Civil Action No. 3:17-cv-791-DPJ-FKB.

SO ORDERED, this the 28th day of June, 2018.

                                      /s/ F. Keith Ball                         .
                                      UNITED STATES MAGISTRATE JUDGE