# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ROY HARNESS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI, in his official capacity,<br><br>    Defendant. | Civil Action No. 3:17-cv-791-DPJ-FKB<br>*Consolidated with*<br>Civil Action No. 3:18-cv-188-CWR-LRA |
| DENNIS HOPKINS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI, in his official capacity,<br><br>    Defendant. | ORAL ARGUMENT REQUESTED |

## THE *HOPKINS* PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1.    The Plaintiffs in *Hopkins et al. v. Hosemann* (consolidated with *Harness et al. v. Hosemann,* No. 3:17-cv-791-DPJ-FKB) respectfully request that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2), approve the named plaintiffs as class representatives, and appoint class counsel pursuant to Fed. R. Civ. P. 23(g). Pursuant to Local Rule 7(b)(6)(A), Plaintiffs respectfully request oral argument on this motion.

2. The Plaintiffs in the *Hopkins et al. v. Hosemann* action are Dennis Hopkins, Herman Parker Jr., Walter Wayne Kuhn Jr., Byron Demond Coleman, Jon O'Neal and Earnest Willhite ("<u>*Hopkins* Plaintiffs</u>" or "<u>Named Plaintiffs</u>").

3. The *Hopkins* Plaintiffs challenge the constitutionality of (1) the lifetime voting ban established in Section 241 of the Mississippi Constitution as a punishment for the conviction of certain offenses, and (2) the arbitrary and discriminatory legislative process for the restoration of voting rights to disenfranchised individuals established in Section 253 of the Mississippi Constitution (the "suffrage restoration provision"). The *Hopkins* Plaintiffs assert claims under the First, Eighth and Fourteenth Amendments.

4. The six Named Plaintiffs are permanently prohibited from voting in Mississippi even though they have completed the terms of their sentences for convictions of disenfranchising offenses. One of the Named Plaintiffs, Herman Parker Jr., unsuccessfully attempted to regain his voting rights by suffrage bill. All of the Named Plaintiffs lack access to a fair and objective process for the restoration of their voting rights.

5. The defendant in this action is Secretary of State Delbert Hosemann ("Defendant"), who is sued in his official capacity only. Defendant is "designated as Mississippi's chief election officer." Miss. Code Ann. § 23-15-211.1.

6. Pursuant to Rule 23(b)(2), the Named Plaintiffs seek to represent a class consisting of similarly situated individuals (the "Class" or "Class Members") who (a) are now, or who may in the future become, disenfranchised under Mississippi state law by reason of a conviction of a crime that the Secretary of State treats as disenfranchising under Section 241 of the Mississippi Constitution, Miss. Code § 23-15-11 and/or Miss. Code § 23-15-19 (a "disenfranchising offense"), and (b) have completed the term of incarceration, supervised release, parole and/or probation for each such conviction.

7. The Named Plaintiffs, on behalf of themselves and the Class Members, seek a class-wide judgment enjoining Defendant from denying any individual otherwise qualified to vote in Mississippi the right to register to vote and cast a ballot on the basis of a conviction of a disenfranchising offense after the completion of his or her sentence for such conviction; and requiring Defendant to automatically restore voting rights to disenfranchised individuals upon sentence completion, among other relief.[1]

As detailed in the *Hopkins* Plaintiffs' Memorandum of Law in Support of this Motion, the *Hopkins* Plaintiffs meet each of the Rule 23 requirements for class certification.

8. First, there are approximately 29,000 disenfranchised individuals in Mississippi who have completed their sentences for convictions of disenfranchising offenses since 1994. The class also includes individuals who may in the future (i) be disenfranchised in Mississippi based on a conviction of a disenfranchising offense and (ii) complete their sentences for any such convictions. The class is therefore "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

9. Second, there are several "questions of law or fact common to the class," as required under Rule 23(a)(2), including: (i) whether the imposition of a lifetime voting ban on individuals who have completed their sentences for convictions of disenfranchising offenses violates the Eighth Amendment's prohibition on cruel and unusual punishment; (ii) whether the standardless suffrage restoration provision empowers Mississippi legislators to arbitrarily restore voting rights to disenfranchised individuals in Mississippi, in violation of the Equal Protection Clause of the Fourteenth Amendment; and (iii) whether the suffrage restoration provision

---

[1] As used by the *Hopkins* Plaintiffs, the term "sentence" is defined as, and limited to, the term of incarceration, supervised release, parole and/or probation imposed for the conviction of a disenfranchising offense.

violates the Equal Protection Clause of the Fourteenth Amendment because it was enacted with racially discriminatory intent and continues to have racially discriminatory effects today.

10. Third, the claims of the Named Plaintiffs are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

11. Fourth, the Named Plaintiffs and their undersigned counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4).

12. The requirements of Rule 23(b)(2) are also satisfied because Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

13. Finally, the undersigned counsel should be appointed as class counsel, based on the factors enumerated in Rule 23(g)(1)(A).

14. For the foregoing reasons, as described in greater detail in the *Hopkins* Plaintiffs' Memorandum of Law in Support of this Motion, the *Hopkins* Plaintiffs request that the Court:

    (a) Certify the *Hopkins* Plaintiffs' proposed class pursuant to Rule 23(a) and 23(b)(2);

    (b) Approve the Named Plaintiffs as Representative Plaintiffs of the class; and

    (c) Appoint current counsel for the *Hopkins* Plaintiffs as counsel for the class, pursuant to Rule 23(g).

15. In support of this motion, the *Hopkins* Plaintiffs submit the exhibits listed below and an accompanying Memorandum of Law in Support.

    **Exhibit 1**: Expert Report of Dov Rothman, Ph.D. (August 1, 2018)

    **Exhibit 2**: Declaration of Dennis Hopkins (July 30, 2018)

    **Exhibit 3**: Declaration of Herman Parker Jr. (July 30, 2018)

**Exhibit 4**:     Declaration of Walter Wayne Kuhn Jr. (July 30, 2018)

**Exhibit 5**:     Declaration of Byron Demond Coleman (August 10, 2018)

**Exhibit 6**:     Declaration of Jon O'Neal (August 8, 2018)

**Exhibit 7**:     Declaration of Jody E. Owens II, Esq. (August 15, 2018)

**Exhibit 8**:     Declaration of Jonathan K. Youngwood, Esq. (August 13, 2018)

16.     Pursuant to Local Rule 7(b)(10), the undersigned counsel has communicated with counsel for Defendant in connection with this motion, and Defendant opposes.

WHEREFORE, for the reasons set forth herein and in the *Hopkins* Plaintiffs' Memorandum of Law in Support, the *Hopkins* Plaintiffs' Motion for Class Certification should be granted.

Dated: August 15, 2018

By: /s/ Paloma Wu

| SIMPSON THACHER & BARTLETT LLP | SOUTHERN POVERTY LAW CENTER |
|---|---|
| Jonathan K. Youngwood (*pro hac vice*) | Jody E. Owens, II (Miss. Bar No. 102333) |
| Janet A. Gochman (*pro hac vice*) | Paloma Wu (Miss. Bar No. 105464) |
| Nihara K. Choudhri (*pro hac vice*) | 111 East Capitol Street, Suite 280 |
| Isaac Rethy (*pro hac vice*) | Jackson, MS 39201 |
| Tyler Anger (*pro hac vice*) | (601) 948-8882 |
| 425 Lexington Avenue | Jody.Owens@splcenter.org |
| New York, NY 10017 | Paloma.Wu@splcenter.org |
| (212) 455-2000 | |
| jyoungwood@stblaw.com | Lisa Graybill (*pro hac vice*) |
| jgochman@stblaw.com | 1055 St. Charles Avenue |
| nchoudhri@stblaw.com | New Orleans, LA 70130 |
| irethy@stblaw.com | (504) 486-8982 |
| tyler.anger@stblaw.com | Lisa.Graybill@splcenter.org |

*Attorneys for the Hopkins Plaintiffs*

**CERTIFICATE OF SERVICE**

    I, Paloma Wu, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

    This 15th day of August, 2018.

                                                      /s/Paloma Wu

                                                    Paloma Wu