UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ROY HARNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI, in his official capacity, <br><br> Defendant. | Civil Action No. 3:17-cv-791-DPJ-FKB <br> *Consolidated with* <br> Civil Action No. 3:18-cv-188-CWR-LRA |
| DENNIS HOPKINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI, in his official capacity, <br><br> Defendant. | ORAL ARGUMENT REQUESTED |

**THE *HOPKINS* PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1.      Plaintiffs Dennis Hopkins, Herman Parker, Jr., Walter Wayne Kuhn, Jr., Byron

Demond Coleman, Jon O'Neal and Earnest Willhite ("*Hopkins Plaintiffs*" or "*Named Plaintiffs*")

ask the Court, pursuant to Federal Rule of Civil Procedure 56, to grant judgment as a matter of

law in their favor on each of the five claims asserted in *Hopkins et al. v. Hosemann*. As set forth

in the accompanying Memorandum of Law in Support of this Motion, the material facts are

undisputed, and the *Hopkins* Plaintiffs are "entitled to judgment as a matter of law" on each of

their claims. Fed. R. Civ. P. 56(a). Pursuant to Local Rule 7(b)(6)(A), the *Hopkins* Plaintiffs respectfully request oral argument on this Motion.

2.       Under Section 241 of the Mississippi Constitution, individuals who are convicted in Mississippi state courts of numerous crimes ("disenfranchised individuals") lose the right to vote for the rest of their lives (the "lifetime voting ban"). A disenfranchised individual may only regain the right to vote at the behest of the Governor, or through the rarity of a "suffrage bill" passed by the Mississippi Legislature pursuant to Section 253 of the Mississippi Constitution (the "suffrage restoration provision"). Neither the suffrage restoration provision nor any Mississippi statute establishes objective criteria for legislators to apply. Instead, Mississippi legislators have complete discretion to decide which disenfranchised individuals may vote again. Between 2013 and 2017, the Mississippi Legislature restored voting rights to just fourteen individuals. This lawsuit asserts two claims challenging Mississippi's unforgiving lifetime voting ban and three claims challenging the state's standardless suffrage restoration provision.

3.       ***Count One:*** The lifetime voting ban is a form of punishment that is both cruel and unusual, in violation of the Eighth Amendment. Enacted with punitive intent, the lifetime voting ban is penal in character and effect. Condemning Americans who have completed their sentences to a lifetime of second-class citizenship is exceedingly cruel, as measured by modern standards of fairness and decency.[1] It is also unusual: 40 states and the District of Columbia do not impose a lifetime voting ban on any individuals convicted of disenfranchising offenses, other than election and government-related offenses.[2] Six states impose a lifetime voting ban only on

---

[1] "Sentence" means the term of incarceration, parole, probation and/or supervised release imposed for the conviction of a disenfranchising offense.

[2] "Lifetime voting ban" means a permanent prohibition on the right to vote even after sentence completion, without any non-discretionary pathway to obtain the restoration of the right to vote.

individuals convicted of certain categories of disenfranchising offenses. Mississippi is one of only four states that impose a lifetime voting ban on *all* individuals convicted of disenfranchising offenses.

4.       ***Count Two:*** Mississippi's lifetime voting ban violates the Equal Protection Clause because it is not drawn with precision to satisfy a compelling state interest using the least drastic means available. Section 2 of the Fourteenth Amendment provides no exemption from the rigorous demands of the Equal Protection Clause for criminal disenfranchisement laws that permanently "deny" the right to vote based on "participation in rebellion, or other crime." The scope of Section 2's exemption is limited to laws that temporarily "abridge" this right. Because Mississippi's lifetime voting ban falls outside the scope of Section 2's exemption, it is subject to strict scrutiny review, which it cannot satisfy.

5.       ***Count Three:*** Mississippi's suffrage restoration provision violates the Equal Protection Clause because it permits legislators to arbitrarily restore voting rights to some Mississippi citizens and not others. Since there are no standards guiding the legislators' decisions, they are free to vote for or against suffrage bills for any reason—or no reason at all. Such an arbitrary and irrational reenfranchisement scheme cannot pass constitutional muster.

6.       ***Count Four:*** Mississippi's suffrage restoration provision violates the First Amendment by impermissibly vesting legislators with unfettered discretion to determine who may express their political and ideological views by casting a ballot, while denying others this same right.

7.       ***Count Five:*** Mississippi's suffrage restoration provision violates the Equal Protection Clause because it was enacted with racially discriminatory intent as part of

Mississippi's 1890 Constitution, has never been amended, and continues to disproportionately impact black Mississippians.

8.      Each of the *Hopkins* Plaintiffs has been convicted of a disenfranchising offense and has completed his sentence. One of the Named Plaintiffs, Herman Parker, Jr., unsuccessfully attempted to regain his voting rights by suffrage bill. None of the *Hopkins* Plaintiffs has regained the right to vote through a suffrage bill or a pardon. All of the *Hopkins* Plaintiffs will forever be prohibited from voting in Mississippi, barring a change in Defendant's interpretation or application of the lifetime voting ban. The *Hopkins* Plaintiffs' injuries are fairly traceable to and redressable by Defendant, who is designated as Mississippi's chief election officer.

9.      For the foregoing reasons, as described in greater detail in the *Hopkins* Plaintiffs' Memorandum of Law in Support of this Motion, the *Hopkins* Plaintiffs respectfully request that the Court grant their Motion for Summary Judgment in its entirety.

10.      In support of this Motion, the *Hopkins* Plaintiffs submit the exhibits listed below and an accompanying Memorandum of Law in Support.

| | |
|---|---|
| **Exhibit 1**: | Report of the *Hopkins* Plaintiffs' Expert Dov Rothman, Ph.D. (Aug. 1, 2018) |
| **Exhibit 2**: | Report of the *Hopkins* Plaintiffs' Expert Dorothy Pratt, Ph.D, (Aug. 1, 2018) |
| **Exhibit 3**: | Report of Defendant's Expert C. Rick Moore (Aug. 31, 2018) |
| **Exhibit 4**: | Reply Report of the *Hopkins* Plaintiffs' Expert Dov Rothman, Ph.D. (Oct. 4, 2018) |
| **Exhibit 5**: | Declaration of Dennis Hopkins (Oct. 2, 2018) |
| **Exhibit 6**: | Declaration of Herman Parker, Jr. (Oct. 3, 2018) |
| **Exhibit 7**: | Declaration of Walter Wayne Kuhn, Jr. (Oct. 2, 2018) |

**Exhibit 8**:       Declaration of Byron Demond Coleman (Oct. 1, 2018)

**Exhibit 9**:       Declaration of Jon O'Neal (Oct. 1, 2018)

**Exhibit 10**:      Declaration of Earnest Willhite (Aug. 14, 2018)

**Exhibit 11**:      Summary Chart I: Successful Suffrage Bills

**Exhibit 12**:      Summary Chart II: State Action Restoring or Expanding Voting
                     Rights

**Exhibit 13**:      Summary Chart III: States That Do Not Impose a Lifetime Voting
                     Ban

**Exhibit 14**:      Summary Chart IV: States That Impose a Lifetime Voting Ban Only
                     for Certain Categories of Disenfranchising Offenses

**Exhibit 15**:      Summary Chart V: Selected Statements by Delegates to the 1890
                     Constitutional Convention

**Exhibit 16**:      The *Hopkins* Plaintiffs' First Set of Requests for Admission

**Exhibit 17**:      Defendant's Responses to the *Hopkins* Plaintiffs' First Set of
                     Requests for Admission

**Exhibit 18**:      Defendant's Responses to the *Hopkins* Plaintiffs' First Set of
                     Interrogatories

**Exhibit 19**:      Mississippi Mail-In Voter Registration Application

**Exhibit 20**:      Mississippi Voter Information Guide

**Exhibit 21**:      Disenfranchising Crimes

**Exhibit 22**:      *Canton Man Receives Maximum Sentence for Voter Fraud*, Office of
                     the District Attorney, Madison and Rankin Counties (May 17, 2011)

**Exhibit 23**:      Mississippi Legislature, House Rules

**Exhibit 24**:      Mississippi Legislature, Senate Rules

**Exhibit 25**:      S.B. 2107 (Miss. 2017)

**Exhibit 26**:      H.B. 1475 (Miss. 2017)

**Exhibit 27**:     Record of Senate votes on HB 1475 (Miss. 2017)

**Exhibit 28**:     Record of House votes on H.B. 1475 (Miss. 2017)

**Exhibit 29**:     Bill history for S.B. 2107 (Miss. 2017)

**Exhibit 30**:     Bill history for H.B. 1475 (Miss. 2017)

**Exhibit 31**:     Bill history for H.B. 1695 (Miss. 2018)

**Exhibit 32**:     Bill history for S.B. 2947 (Miss. 2016)

**Exhibit 33**:     Bill history for H.B. 1562 (Miss. 2012)

**Exhibit 34**:     *Journal of the Proceedings of the Constitutional Convention of the State of Mississippi* (1890)

**Exhibit 35**:     "Senator J. Z. George. He Addresses a Large Audience at His Old Home," *Clarion-Ledger* (Oct. 24, 1889)

**Exhibit 36**:     "Judg[e] Calhoon's Views. Thinks the Negro Should Be Deprivee [*sic*] of Suffrage," *Clarion-Ledger* (Mar. 6, 1890)

**Exhibit 37**:     "Gen'l George's Views. Most Remarkable That Have Been Presented," *Daily Clarion-Ledger* (July 7, 1890)

**Exhibit 38**:     "Judiciary Committee. They Make the First Report to the Convention," *Daily Clarion-Ledger* (Aug. 22, 1890)

**Exhibit 39**:     "Female Suffrage Day. Convention Turned into a Debating Society," *Daily Clarion-Ledger* (Sept. 10, 1890)

**Exhibit 40**:     "A Property Qualification. Speech of Hon. W.A. Boyd, in Reply to Judge Chrisman," *Daily Clarion-Ledger* (Sept. 10, 1890)

**Exhibit 41**:     "Two Good Speeches: Delivered by Judge Chrisman and Hon. W. A. Boyd," *Clarion-Ledger* (Sept. 11, 1890)

**Exhibit 42**:     "The Convention. Military Bill Is Much Amended and Passed," *Clarion-Ledger* (Sept. 11, 1890)

**Exhibit 43**:     "Stuck in the 'Whole.' The Report of the Franchise Committee," *Daily Clarion-Ledger* (Sept. 13, 1890)

**Exhibit 44:**    "Another Talking Day," *Daily Clarion-Ledger* (Sept. 15, 1890)

**Exhibit 45:**    "More Free Talking. Numerous Orators Prese[n]t Their Views," *Daily Clarion-Ledger* (Sept. 16, 1890)

**Exhibit 46**:    "The Franchise. Senator George's Grea[t] Speech," *Daily Commercial Herald* (Vicksburg) (Sept. 17, 1890)

**Exhibit 47**:    "Convention Speeches. Delivered by Messrs. Mayes and Eskridge, *Clarion-Ledger* (Sept. 18, 1890)

**Exhibit 48**:    "Convention Speeches. Hon. J.H. Jones Speaks Against Female Suffrage," *Clarion-Ledger* (Sept. 18, 1890)

**Exhibit 49**:    "Discussion Continues. Seven Hundred Dollars per Day for Talk," *Clarion-Ledger* (Sept. 18, 1890)

**Exhibit 50**:    "And Still They Talk. Judge Chrisman's Last Grand and Eloquent Appeal," *Daily Clarion-Ledger* (Sept. 18, 1890)

**Exhibit 51**:    "Flood of Amendments. All Meet a Similar Fate, Except Immaterial Ones," *Daily Clarion-Ledger* (Sept. 19, 1890)

**Exhibit 52**:    "The Great Question. Settled at Last by the Constitutional Convention," *Daily Clarion-Ledger* (Sept. 24, 1890)

**Exhibit 53**:    "The Convention. Rapid Progress Being Made Towards the Completion of the Constitution," *Daily Commercial Herald* (Vicksburg) (Sept. 25, 1890)

**Exhibit 54**:    "Don't Like it But Takes It," *Clarion-Ledger* (Oct. 9, 1890)

**Exhibit 55**:    "Understanding Clause, Convention Refuses to Reconsider It," *Clarion-Ledger* (Oct. 30, 1890)

**Exhibit 56:**    "The Farewell Address. Delivered to the Convention by Judge S. S. Calhoon," *Clarion-Ledger* (Nov. 6, 1890)

**Exhibit 57:**    Brief of Appellee, *Ratliff v. Beale* (Miss. 1896)

**Exhibit 58:**    *Voting in Mississippi: A Report of the United States Commission for Civil Rights* (1965), Chapter I

**Exhibit 59:**    An Act to admit the State of Mississippi to Representation in the Congress of the United States, ch. 19, 16 Stat. 67 (1870)

**Exhibit 60:**   An Act to admit the States of North Carolina, South Carolina, Louisiana, Georgia, Alabama, and Florida, to Representation in Congress, ch. 70, 15 Stat. 73 (1868)

**Exhibit 61:**   An Act to admit the State of Virginia to Representation in the Congress of the United States, ch. 10, 16 Stat. 62 (1870)

**Exhibit 62:**   An Act to admit the State of Texas to Representation in the Congress of the United States, ch. 39, 16 Stat. 80 (1870)

**Exhibit 63:**   Brief of Amici Curiae, *Muntaqim v. Coombe* (2d Cir. 2005) (No. 01-7260), 2005 WL 4680739

**Exhibit 64:**   Brief in Opp. to Pet. for a Writ of Cert., *Johnson v. Bush* (2005) (No. 05-212), 2005 WL 2662479

**Exhibit 65:**   DEL. CONST. (1831)

**Exhibit 66:**   DEL. CONST. (1897), art. V, § 2

**Exhibit 67:**   Jerry Mitchell, "SPLC: State still depriving rights*," Clarion Ledger* (Mar. 28, 2018)

**Exhibit 68:**   *Bill Memorandum for Bill 4675* (N.Y. 1971)

**Exhibit 69:**   Proposals of the General Government and Constitutional Amendment Committee on Suffrage and Elections, in Mont. Constitutional Convention Proceedings (1971–72)

**Exhibit 70:**   House Study Group, *Bill Analysis for H. B. 718* (Tex. 1983)

**Exhibit 71:**   *Sauvé v. Canada*, [2002] 3 S.C.R. 519

**Exhibit 72:**   Cong. Globe, 39th Cong., 1st Sess. 2286 (Apr. 30, 1866)

**Exhibit 73:**   Cong. Globe, 39th Cong., 1st Sess. 2771 (May 23, 1866)

**Exhibit 74:**   Noah Webster, *An American Dictionary of the English Language* 105 (1828)

**Exhibit 75:**   Brief of Appellees, *Young v. Hosemann* (5th Cir. 2010) (Nos. 08-60941, 09-60188), 2009 WL 6391080

**Exhibit 76:**   Annual Estimates of the Resident Population by Sex, Age, Race Alone or in Combination, and Hispanic Origin for Mississippi: April 1, 2010 to July 1, 2017, U.S. Census Bureau

**Exhibit 77:**  Amendment 9 of the Official Ballot on Amendments to the Constitution Proposed by the Constitutional Convention of the State of Hawaii of 1968, *Proceedings of the Constitutional Convention of Hawaii 1968* (1973)

**Exhibit 78:**  ANN. M. OGATA, Article II: Suffrage and Elections, in HAWAII CONSTITUTIONAL CONVENTION STUDIES 1978 (1978)

**Exhibit 79:**  ILL. CONST. art. III, § 2 (1970)

**Exhibit 80:**  ILL. CONST. art. VII, § 7 (1870), as amended in 1877

**Exhibit 81:**  D.C. Pub. L. 92-220, § 4, 85 Stat. 788 (1971)

**Exhibit 82:**  D.C. 69 Stat. 699 (1955)

**Exhibit 83:**  N.J. Ch. 280 (1971)

**Exhibit 84:**  N.J. Ch. 7 (1964)

**Exhibit 85:**  1971 N.Y. Laws 952

**Exhibit 86:**  State of New York Executive Chamber, Exec. Order No. 181, *Restoring the Right to Vote for New Yorkers on Parole* (Apr. 18, 2018)

**Exhibit 87:**  MONT. CONST. art. IV (1972)

**Exhibit 88:**  MONT. CONST. art. IX (1889)

**Exhibit 89:**  Ohio Am. Sub. H.B. 490, 124th Gen. Assemb., Reg. Sess. (2002)

**Exhibit 90:**  H.B. 33, 1973 Gen. Assemb. (N.C. 1973)

**Exhibit 91:**  H.B. 285, 1971 Gen. Assemb. (N.C. 1971)

**Exhibit 92:**  S.B. 872 (N.C. 1977)

**Exhibit 93:**  H.B. 421 (N.C. 1991)

**Exhibit 94:**  Proposition 10, *Right to Vote* (California 1974)

**Exhibit 95:**  Press Release, Alex Padilla, California Secretary of State, *Secretary Padilla Ends Appeal of Scott v. Bowen Case: Settlement Will Restore Voting Rights to Thousands of Californians* (August 4, 2015)

**Exhibit 96:**      LA. CONST. art. I (1974)

**Exhibit 97:**      LA. CONST. art. VIII, § 6 (1921)

**Exhibit 98:**      H.B. 265, 2018 Reg. Sess. (La. 2018)

**Exhibit 99:**      S.B. 57 (Md. 1974)

**Exhibit 100:**    H.B. 535, 2002 Reg. Sess. (Md. 2002)

**Exhibit 101:**    Dep't of Legislative Services, *Bill Analysis for H.B. 535* (Md. 2002)

**Exhibit 102:**    Dep't of Legislative Services, *Bill Analysis for S.B. 184* (Md. 2002)

**Exhibit 103:**    S.B. 488, 2007 Reg. Sess. (Md. 2007)

**Exhibit 104:**    H.B. 554, 2007 Reg. Sess. (Md. 2007)

**Exhibit 105:**    H.B. 980, 2015 Reg. Sess. (Md. 2015)

**Exhibit 106:**    Dep't of Legislative Services, *Bill Analysis for H.B. 980* (2015)

**Exhibit 107:**    Dep't of Legislative Services, *Bill Analysis for S.B. 340* (2015)

**Exhibit 108:**    1975 Conn. Acts 338

**Exhibit 109:**    H.B. 5042, 2001 Gen. Assemb., Jan. Sess. (Conn. 2001)

**Exhibit 110:**    1977 Ariz. Sess. Laws 712

**Exhibit 111:**    1977 Ark. Acts 1887

**Exhibit 112:**    ARK. CONST. amend. LI, § 11(4) (1975)

**Exhibit 113:**    H.B. 1086, 83d Gen. Assemb., Reg. Sess. (Ark. 2001), 2001 Ark. Acts 560

**Exhibit 114:**    1977 Mo. Laws 230, H.B. No. 101, 79th Gen. Assemb. 1st Reg. Sess. (Mo. 1977)

**Exhibit 115:**    1969 Mo. Laws 192 (1969)

**Exhibit 116:**    MO. REV. STAT. § 111.060 (1959)

**Exhibit 117:**     H.B. 2641, 1979–1980 Gen. Assemb., 103d Sess. (S.C. 1981)

**Exhibit 118:**     S.C. CODE ANN. § 7-5-120(b) (1976)

**Exhibit 119:**     1981 Idaho Sess. Laws 318

**Exhibit 120:**     H.B. 564, 57th Gen. Assemb., 2d. Reg. Sess. (Id. 2004)

**Exhibit 121:**     GA. CONST. art. II, § 1 (1983)

**Exhibit 122:**     GA. CONST. art. II, § 2 (1976)

**Exhibit 123:**     H.B. 718, 68th Leg. (Tex. 1983)

**Exhibit 124:**     S.B. 616, 69th Leg. (Tex. 1985)

**Exhibit 125:**     House Study Group, *Election Code recodification and revision* (Tex. 1985)

**Exhibit 126:**     H.B. 1001, 75th Leg. (Tex. 1997).

**Exhibit 127:**     Office of the Secretary of State of Rhode Island, *Annotated Constitution of the State of Rhode Island and Providence Plantations*, 12 (1988)

**Exhibit 128:**     H.B. 7938, Gen. Assemb., Jan. Sess. (R.I. 2006)

**Exhibit 129:**     S.B. 2486, Gen. Assemb., Reg. Sess. (R.I. 2006)

**Exhibit 130:**     H.B. 219, 139th Gen. Assemb., Reg. Sess. (Del. 1998)

**Exhibit 131:**     H.B. 126, 140th Gen. Assemb., Reg. Sess. (Del. 2000)

**Exhibit 132:**     S.B. 350, 140th Gen. Assemb., Reg. Sess. (Del. 2000)

**Exhibit 133:**     H.B. 9, 146th Gen. Assemb., Reg. Sess. (Del. 2011)

**Exhibit 134:**     H.B. 10, 147th Gen. Assemb., Reg. Sess. (Del. 2013)

**Exhibit 135:**     S.B. 242, 148th Gen. Assemb., Reg. Sess. (Del. 2016)

**Exhibit 136:**     S.B. 204, 45th Leg., 1st Sess. (N.M. 2001) (as introduced)

**Exhibit 137:**     S.B. 204, 45th Leg., 1st Sess. (N.M. 2001) (as enrolled)

**Exhibit 138:**     H.B. 3, 23d Leg., 2d Spec. Sess. (Ala. 2003)

**Exhibit 139:**     S.B. 186, 29th Leg., Reg. Sess. (Ala. 2016)

**Exhibit 140:**     H.B. 282, 2017  Leg., Reg. Sess. (Ala. 2017)

**Exhibit 141:**     A.B. No. 55, 72d Sess., Reg. Sess. (Nev. 2003)

**Exhibit 142:**     A.B. No. 181, 79th Sess., Reg. Sess. (Nev. 2017)

**Exhibit 143:**     S.F. No. 0065, 57th Leg., 2003 Gen. Sess. (Wyo. 2003).

**Exhibit 144:**     H.B. No. 0015 (Wyo. 2015)

**Exhibit 145:**     Legislative Service Office, *Bill Synopsis of H.B. No. 0015* (2015)

**Exhibit 146:**     H.B. No. 0075 (Wyo. 2017)

**Exhibit 147:**     Legislative Service Office, *Bill Synopsis of H.B. No. 0075* (2017)

**Exhibit 148:**     L.B. 53, 99th Leg., 1st Sess. (Neb. 2005).

**Exhibit 149:**     S.B. 1678, 104th Gen. Assemb 629 (Tenn. 2006)

**Exhibit 150:**     H.B. 1517, 2009–2010 Leg., Reg. Sess. (Wash. 2009)

**Exhibit 151:**     *Final Bill Report for H.B. 1517* (2009)

**Exhibit 152:**     Press Release, Virginia Governor's Office*, Governor McAuliffe Announces Process for Case-by-Case Restoration of Former Felons' Civil Rights* (Aug. 22, 2016)

Dated: October 4, 2018

By:   /s/ Paloma Wu

SIMPSON THACHER & BARTLETT LLP          SOUTHERN POVERTY LAW CENTER
Jonathan K. Youngwood (*pro hac vice*)          Jody E. Owens, II (Miss. Bar No. 102333)
Janet A. Gochman (*pro hac vice*)          Paloma Wu (Miss. Bar No. 105464)
Nihara K. Choudhri (*pro hac vice*)          111 East Capitol Street, Suite 280
Isaac Rethy (*pro hac vice*)          Jackson, MS 39201
Tyler Anger (*pro hac vice*)          (601) 948-8882
425 Lexington Avenue          Jody.Owens@splcenter.org
New York, NY 10017          Paloma.Wu@splcenter.org
(212) 455-2000
jyoungwood@stblaw.com          Lisa Graybill (*pro hac vice*)
jgochman@stblaw.com          1055 St. Charles Avenue
nchoudhri@stblaw.com          New Orleans, LA 70130
irethy@stblaw.com          (504) 486-8982
tyler.anger@stblaw.com          Lisa.Graybill@splcenter.org

*Attorneys for the Hopkins Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I, Paloma Wu, hereby certify that a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by email to all parties by the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

This 4th day of October, 2018.

<u>        /s/ Paloma Wu              </u>

Paloma Wu

14