IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROY HARNESS, ET AL.**                                                                           **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 3:17cv791-DPJ-FKB**

**DELBERT HOSEMANN, SECRETARY OF**
**STATE OF MISSISSIPPI**                                                                          **DEFENDANT**

*consolidated with*

**DENNIS HOPKINS, ET AL.**                                                                       **PLAINTIFFS**

**v.**

**SECRETARY OF STATE DELBERT**
**HOSEMANN, in his official capacity**                                                            **DEFENDANT**

### SECRETARY HOSEMANN'S MOTION FOR SUMMARY JUDGMENT AS TO THE *HOPKINS* PLAINTIFFS' LAWSUIT

Defendant Delbert Hosemann, Secretary of State of Mississippi ("Secretary Hosemann"), moves the Court for summary judgment pursuant to Fed. R. Civ. P. 56 and states:

1.  On March 27, 2018, the Hopkins plaintiffs filed this lawsuit solely against Secretary Hosemann, in his official capacity, challenging the State's felon disenfranchisement and re-enfranchisement laws. [Dkt. 20-1].[1]

2.  Each plaintiff claims he is currently disqualified as an elector under state law on account of a felony conviction. [*Id.*]. And each challenges as unconstitutional Mississippi law that disenfranchises certain felons (Article 12, Section 241 of the Mississippi Constitution and

---

[1] The Hopkins plaintiffs' lawsuit was consolidated with the earlier-filed felon disenfranchisement suit filed by the Harness plaintiffs against Secretary Hosemann. [3:17-cv-00791, Dkt. 34]. All of the citations to docket entries in this motion, and its supporting memorandum, are to the lead case, No. 3:17-cv-00791.

related statutes), and Mississippi law that allows disenfranchised felons to re-gain the ballot through a suffrage bill passed by the Mississippi Legislature (Article 12, Section 253). Neither type of challenge may go forward.

3. Secretary Hosemann's instant motion and supporting memorandum addresses the Hopkins plaintiffs' lawsuit only. Secretary Hosemann has separately moved for summary judgment as to the Harness plaintiffs' lawsuit.

4. The Court should grant summary judgment in favor of Secretary Hosemann because the Hopkins plaintiffs lack Article III standing, and the Eleventh Amendment bars their claims. Additionally and alternatively, the Court should grant summary judgment in favor of Secretary Hosemann because plaintiffs' challenges to Sections 241 and 253 all fail upon an examination of the merits.

5. Secretary Hosemann's motion for summary judgment is supported by the foregoing, his separate memorandum of authorities filed with the Court, and the full Itemization of Undisputed Material Facts attached as Exhibit "A" to the Harness summary judgment motion. [Dkt. 63, 63-1, 63-2]. Secretary Hosemann expressly incorporates that exhibit, as well as those facts and all supporting documentation, into this motion.

FOR THESE REASONS, Secretary of State Delbert Hosemann respectfully requests an order granting summary judgment and dismissing the Hopkins plaintiffs' claims.

THIS, the 4th day of October, 2018

Respectfully submitted,

**SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity**

**BY:    JIM HOOD, ATTORNEY GENERAL**

By:    /s/ *Krissy C. Nobile*
Justin L. Matheny (Bar No. 100754)
Krissy C. Nobile (Bar No. 103577)
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*jmath@ago.state.ms.us*
*knobi@ago.state.ms.us*

*Counsel for Defendant Secretary of State Delbert Hosemann, in his official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been electronically filed via the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

THIS the 4th day of October, 2018.

/s/ *Krissy C. Nobile*
Krissy C. Nobile