IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROY HARNESS, et al.,

    Plaintiffs

v.                           Civil Action No. 3:17cv791 DPJ-FKB

DELBERT HOSEMANN, Secretary of State
of Mississippi,

    Defendant

## DECLARATION OF GRACE SULLIVAN

My name is Grace Sullivan. I am a student at the University of Mississippi School of Law. I am about to enter my second year. During the summer of 2018, I have worked as a law clerk at the Mississippi Center for Justice. In that capacity, I have reviewed certain materials and I submit this declaration as part of the *Harness* Plaintiffs' Motion for Summary Judgment (MSJ).

1.     I have reviewed Section 241 of the Mississippi Constitution of 1890 as written at the time and as it stands today. Section 241 provided --- and still provides today --- that "[e]very inhabitant of this state, except idiots and insane persons, who is a citizen of the United States of America" and who meets the age requirement (previously 21 and now 18) and residency requirement and is duly registered "is declared to be a qualified elector" except for those who have been

1

convicted of certain specific criminal offenses. In the original 1890 constitution, the list was "bribery, burglary, theft, arson, obtaining money or goods under false pretenses, perjury, forgery, embezzlement [and] bigamy." Section 241 was amended in 1950 to remove the crime of burglary and in 1968 to add the crimes of murder and rape.

2.  In 1950, the Mississippi legislature passed a resolution to amend Section 241 for multiple purposes, including the removal of burglary from the list of disqualifying crimes. A copy of the resolution is being submitted as an exhibit to the *Harness* Plaintiffs' MSJ. The resolution is contained in Chapter 569 of the General Laws of the State of Mississippi for the 1950 legislative session. It is listed as House Concurrent Resolution No. 10. The first paragraph of the resolution stated: "A concurrent resolution to amend Section 241 of the Mississippi Constitution of 1890 so as to provide the qualifications of electors, and amending by providing that the wife of a minister of the gospel legally residing with him shall be qualified to vote after a residence of six months in the election district, or incorporated city or town, if otherwise qualified." The resolution then stated that the Legislature resolved "[t]hat the following amendment to the Constitution of the State of Mississippi be submitted to the qualified voters of the State for ratification or rejection . . . viz: Amend section 241 of the constitution of the State of Mississippi, so that it shall read as follows . . . ." The text of the

2

proposed Section 241 was then listed without the crime of burglary included. Miss. Laws 1950 Ch. 569, H. Con. R. 10.

3. The November 1950 ballot contained the exact same language as the resolution and was followed by two options from which the voter could select "For Amendment" or "Against Amendment." A copy of the Sample Official Ballot for that election is being submitted as an exhibit to the *Harness* Plaintiffs' MSJ. That Sample Official Ballot can be found at the Mississippi Department of Archives and History. It contains the ballot language regarding the amendment to Section 241 as it appeared on the November 1950 ballot. (The copy that is submitted with the MSJ contains two pages, each of which copies the Sample Official Ballot. The first page includes the top but cuts off the very bottom. The second page cuts off the very top but includes the very bottom. Both pages contain in full the text of the language regarding the amendment to Section 241).

4. At no point did the 1950 legislative resolution or the ballot to amend Section 241 state that the amendment would affect the list of disqualifying crimes or that it would remove burglary from the list.

5. Neither the 1950 legislative resolution nor the 1950 ballot to amend Section 241 gave legislators or voters the option of choosing whether to retain or repeal the crimes contained in the original 1890 list of disfranchising crimes other than burglary.

6. In 1968, the Mississippi legislature passed a resolution to amend Section 241 for multiple purposes, including the addition of murder and rape as disqualifying crimes. A copy of the resolution is being submitted as an exhibit to the *Harness* Plaintiffs' MSJ. The resolution is contained in Chapter 614 of the General Laws of the State of Mississippi for the 1968 legislative session. It is listed as House Concurrent Resolution No. 5. The first paragraph of the resolution stated: "A concurrent resolution to amend Section 241, Mississippi Constitution of 1890, to provide for one-year residency within the State and County and a six-month residency within the election precinct to be a qualified elector; to delete certain improper parts of the Section; and for related purposes." The resolution then stated that the Legislature resolved "[t]hat the following amendment to the Constitution of the State of Mississippi be submitted to the qualified voters of the State for ratification or rejection . . . viz: Amend section 241 of the constitution of the State of Mississippi, so that it will read as follows: . . . ." The text of the proposed Section 241 was then listed with the crimes murder and rape included. The resolution also instructed the Secretary of State to place the resolution on the ballot. Miss. Laws 1968 Ch. 614, H. Con. R. 5.

7. The June 1968 ballot contained the exact same language as the resolution and was followed by two options from which the voter could select. "For the Amendment" or "Against the Amendment." A copy of the Sample

Official Ballot for that election is being submitted as an exhibit to the *Harness* Plaintiffs' MSJ. It can be found at the Mississippi Department of Archives and History. It contains the ballot language regarding the amendment to Section 241 as it appeared on the June 1968 ballot.

8. At no point did the 1968 legislative resolution or the ballot state that the amendment to Section 241 would affect the list of disqualifying crimes or that it would add murder and rape to the list.

9. Neither the 1968 resolution nor the 1968 ballot to amend Section 241 gave legislators or voters the option of choosing whether to retain or repeal the crimes on the list of disfranchising crimes which were part of the original 1890 provision.

10. I have read the Fifth Circuit briefs regarding Section 241 in the case of *Cotton v. Fordice*, No. 97-60275 (5th Cir.). None of those briefs mentioned the 1950 or 1968 amendments to Section 241 except the State Defendants' Fifth Circuit brief stated the following after quoting from *Ratliff v. Beale*: "At the time *Ratliff* was written, Section 241, read quite differently than it does today. One of the most important amendments that concerns this matter is the crimes which result in disenfranchisement upon conviction. The original 1890 version of Section 241 disenfranchised bribery, burglary, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement and bigamy. Section 241, as it reads

5

today, also includes murder and rape, but does not mention burglary. The present inclusion of the violent crimes of murder and rape and the deletion of burglary makes *Ratliff* inapplicable to Section 241 as it reads today. Cotton and Brown's argument that the discriminatory effect Section 241 may have had when it was enacted over one hundred years ago makes the section unconstitutional today is without merit." *Cotton v. Fordice*, No. 97-60275 (5th Cir.), Brief for Appellees at p. 10.

11.   I have reviewed the District Court record in *Cotton v. Fordice*, No. 3:96cv141-B-N (S.D. Miss.). Neither the ballot language nor the language of the concurrent legislative resolutions from the 1950 and 1968 amendments to Section 241 were introduced into the record in *Cotton v. Fordice* or discussed in the briefs or the opinions in the District Court and the Court of Appeals.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding. Executed on the 4th day of October, 2018.

*Grace M. Sullivan*
Grace Sullivan