SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 18 1997
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JARVIOUS COTTON and
KEITH BROWN                                                              PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:96cv141BN

KIRK FORDICE, et al                                                    DEFENDANTS

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This cause is before the Court upon the defendants' "Motion to Dismiss or in the

alternative for Summary Judgment" and the plaintiffs' response in objection thereto. Jarvious

Cotton and Keith Brown, the plaintiffs in the above referenced action, are legally incarcerated

inmates with the Mississippi Department of Corrections and housed at Parchman. The named

defendants in the case are Kirk Fordice, Steve Puckett[1] and the State of Mississippi.[2]

Jurisdiction of this cause is based upon 42 U.S.C. § 1983.

---

[1] Fordice and Puckett are sued in their official and individual capacities.

[2] Currently there is a motion to amend the complaint to add additional defendants pending
before the Court. In their proposed amended complaint, the plaintiffs wish to add the following
individuals as named defendants in their official and individual capacities:
    a) Eric Clark, Secretary of State of Mississippi
    b) Mike Moore, Attorney General of Mississippi
    c) Fred Ferguson, Adams County Circuit Court Clerk
    d) Estelle Pryor, Washington County Circuit Court Clerk
    e) Sharon McFadden, Sunflower County Circuit Court Clerk
    f) Ruby Lee Johnson, Adams County Election Commissioner
    g) Linda Boschert, Washington County Election Commissioner
    h) June W. McKinstry, Sunflower County Election Commissioner
(Proposed Amended Complaint, p. 2).

AO 72A
(Rev. 8/82)

The plaintiffs allege that since they have been incarcerated at Parchman as convicted felons, they have been unable to vote in state and federal elections. The plaintiffs claim that the defendants are responsible for prohibiting them from voting and that this practice by the defendants violates their constitutional rights as provided in the 15th Amendment of the United States Constitution.[3]

More specifically, the plaintiff Cotton argues that the Mississippi State Constitution disenfranchises him from voting because of the fact that he has been convicted of murder,[4] and that this provision of the Mississippi Constitution is unconstitutional. Plaintiff Brown, who has been convicted of armed robbery, states that the Mississippi Constitution does not disenfranchise him because it does not specifically list the crime of armed robbery as a disenfranchising crime. However, Brown alleges that since he has been incarcerated at Parchman, he has not been allowed to vote, and he claims that this practice is unconstitutional.

---

[3] "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous conditions of servitude." U.S. Const. amend. XV.

[4] Article 12, Section 241 of the Mississippi Constitution states that

[e]very inhabitant of this State, except idiots and insane persons, who is a citizen of the United States of America, eighteen (18) years old and upwards, who has been a resident of this state for one (1) year, and for one (1) year in the county in which he offers to vote, and for six (6) months in the election precinct or in the incorporated city or town in which he offers to vote, and who is duly registered as provided in this article, *and who has never been convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement or bigamy*, is declared to be a qualified elector, except that he shall be qualified to vote for President and Vice-President of the United States if he meets the requirements established by Congress therefor and is otherwise a qualified elector. (emphasis added).

Lastly, plaintiffs argue that they are being subjected to taxation without representation since they are paying sales tax on items purchased at the prison canteen, yet they are not allowed to vote.

## JARVIOUS COTTON'S DISENFRANCHISEMENT CLAIM

Cotton argues that Article 12, Section 241 of the Mississippi Constitution is unconstitutional. As stated above, this section disenfranchises those people who have been convicted of certain crimes. Cotton was convicted of murder in Adams County, Mississippi, and murder is specifically listed as a disenfranchising crime under the Mississippi Constitution. He claims that since he has been incarcerated based upon this murder conviction, he has not been allowed to vote and that this violates his constitutional rights.

The defendants contend that Section 2 of the Fourteenth Amendment of the United States Constitution permits a state to prohibit a convicted felon from voting. Further, the defendants argue that the United States Supreme Court has held that the disenfranchisement of convicted felons is constitutional. *See* Richardson v. Ramirez, 418 U.S. 24 (1974).

In Richardson, the California Constitutional provision in question stated that "[l]aws shall be made to exclude from voting persons convicted of bribery, forgery, malfeasance in office, or other high crimes." Cal. Const. Art. XX, § 11.[5] The California Supreme Court held that this provision of the California Constitution disenfranchising some convicted felons but not all was a denial of equal protection. Richardson, 418 U.S. at 24. The United States

---

[5] In Williams v. Taylor, 677 F.2d 510 (5th Cir. 1982), the Fifth Circuit states that this California disenfranchising provision, which is ultimately upheld as constitutional by the United States Supreme Court, is fundamentally identical to the Mississippi provision.

3

Supreme Court granted certiorari on the issue and reversed the lower court's holding, finding that California can continue excluding some convicted felons from voting even after they have completed their sentence and parole. Id. at 56. In reaching this conclusion, the Richardson court stated that "[a]lthough the Court has never given plenary consideration to the precise question of whether a State may constitutionally exclude *some or all* convicted felons from the franchise, we have indicated approval of such exclusions on a number of occasions." Id. at 53 (emphasis added). The Court recognized that many other historical limitations on the franchise have been invalidated, but stated that disenfranchising those convicted of crimes has an affirmative sanction in Section 2 of the Fourteenth Amendment, unlike the other historical limitations. Id. at 54.

In their "Memorandum Brief in Support of Plaintiffs' Motion In Opposition of Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment," (hereinafter "Plaintiffs' Memorandum") the plaintiffs state that they agree with the defendants that Section 2 of the Fourteenth Amendment and the holding in Richardson allow a state to prohibit those convicted of some crimes from voting (pp. 10-11). However, the plaintiffs argue that this practice in Mississippi is carried out in a racially discriminatory manner. For this proposition, the plaintiffs make some conclusory allegations about the Mississippi Constitutional Convention of 1890[6] and provide some statistics of the percentages of African Americans residing in

---

[6] Plaintiffs claim that the Constitution of 1890 schemed, elaborated and fixed Section 241 of the Mississippi Constitution to obstruct the exercise of the franchise by the African American race. (Plaintiff's Memorandum pp. 10-11).

4

Mississippi compared to the number incarcerated in Mississippi prisons.[7]

In essence, the plaintiffs argue that the Constitutional Convention was aware that they could not facially discriminate against any class of people on the basis of their "race, color, or previous conditions of servitude." U.S. Const. amend. XV. (Plaintiff's Memorandum p. 11). So, the Convention determined what the characteristics were of the African American race and accordingly structured Section 241 of the Mississippi Constitution so that it would prohibit more African Americans from voting than any other class of people. (Plaintiffs' Memorandum p. 11). The best way to circumvent the United States Constitution was to determine what criminal acts African Americans were more prone to commit and disenfranshcise those crimes only. (Plaintiffs' Memorandum p. 11).

This argument by the plaintiffs is purely speculation and conjecture. The plaintiffs present absolutely no proof that these facts are true; their argument is based only on information and belief, and this is not enough to overcome the United States Supreme Court's validation of the practice of disenfranchisement as stated in Richardson. The undersigned finds that there is no genuine issue of material fact as to whether or not the disenfranchisement of some convicted felons is constitutional. The United States Supreme Court unequivocally held that states may disenfranchise some convicted felons, while not disenfranchising all. Richardson, 418 U.S. at 53. Furthermore, the Mississippi Constitution specifically

---

[7] The plaintiffs state that Mississippi's overall population consists of 34% African Americans compared to 77% African Americans incarcerated within the facilities of the Mississippi Department of Corrections. ("Exhibit F" of Brown's Affidavit in Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Memorandum p. 6).

disenfranchises those convicted of murder. Plaintiff Cotton was convicted of murder, and as a result of this conviction, he can no longer vote in state elections in Mississippi.

The undersigned recommends that the defendants be granted summary judgment in regard to the claim of plaintiff Cotton because there is no genuine issue of material fact as to whether or not the disenfranchisement of some convicted felons is constitutional based upon the United States Supreme Court's ruling in Richardson. Further the undersigned recommends that a judgment in favor of these defendants be entered and that the claim of plaintiff Cotton be dismissed with prejudice.

## KEITH BROWN'S DISENFRANCHISEMENT CLAIM

Plaintiff Brown is incarcerated at Parchman based upon a conviction for armed robbery. He claims that he is not disenfranchised by the laws of the United States or of the State of Mississippi because armed robbery is not specifically listed as a disenfranchising crime. However, the crime of theft is listed as a disenfranchising crime by the express terms of the Mississippi Constitution. The undersigned finds that armed robbery is the highest category of theft, and for this reason, plaintiff Brown is disenfranchised for the same reasons as plaintiff Cotton.

The undersigned recommends that the defendants be granted summary judgment in regard to the claim of plaintiff Brown because there is no genuine issue of material fact as to whether or not the disenfranchisement of some convicted felons is constitutional based upon the United States Supreme Court's ruling in Richardson. Further the undersigned recommends that a judgment in

6

favor of these defendants be entered and that the claim of plaintiff Brown be dismissed with prejudice.

## PLAINTIFFS' TAXATION WITHOUT REPRESENTATION CLAIM

The plaintiffs argue that they are being subjected to taxation without represenation because they have to pay sales tax on the items they purchase at the prison canteen, yet they are unable to vote.  This argument is completely without merit.  There is no correlation between the paying of sales tax and the right to vote.  Mississippi sales tax is charged to everyone who purchases goods within the state.  It does not matter if you are an out-of-state resident who is ineligible to vote, a child who is not allowed to vote, or just an unregistered voter, all people who purchase goods in Mississippi must pay Mississippi sales tax.  The undersigned finds that this claim by the plaintiffs is frivolous and without merit and recommends that this claim be dismissed as a matter of law.

Lastly, the undersigned recommends that the plaintiffs' Motion to Amend their Complaint to add additional defendants should be denied, as the addition of these defendants to this lawsuit would have no bearing on the merits of the plaintiffs' claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Douglass v. United Services Auto. Ass'n., 79 F.3d 1415, 1428-29 (5th Cir. 1996).

7

This the _18th_ day of March, 1997.

_[signature]_
<u>UNITED STATES MAGISTRATE JUDGE</u>

8