UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ROY HARNESS, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 3:17-CV-791-DPJ-FKB |
| DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI | DEFENDANT |

CONSOLIDATED WITH

| | |
|---|---|
| DENNIS HOPKINS, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 3:18-CV-188-DPJ-FKB |
| DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI | DEFENDANT |

ORDER

This consolidated action to restore the voting rights of convicted felons is before the Court on the Hopkins Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23 [44].  Defendant Secretary of State Delbert Hosemann acknowledges that Plaintiffs meet all of Rule 23's stated requirements but argues that certification is unnecessary and therefore opposes it.  Because Plaintiffs satisfy the plain text of Rule 23, the Court finds that the motion for class certification should be granted but the description of the class should be modified.

I.  Facts and Procedural History

The Hopkins Plaintiffs seek class certification to challenge two sections of the Mississippi Constitution—sections 241 and 253.  Under section 241, individuals who have been "convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement[,] or bigamy" are ineligible to vote.  And section 253 allows the

legislature to restore an individual's suffrage by "a two-thirds vote of both houses, of all members elected."

Plaintiffs say the lifetime voting ban violates the Eighth Amendment's prohibition of cruel and unusual punishment and the Fourteenth Amendment, which only permits states to temporarily "abridge" an individual's right to vote based on participation in a crime. Compl. [1] (filed in 3:18-CV-188-DPJ-FKB) at 4–5. They also contend that the mechanism to restore voting rights violates the Equal Protection Clause of the Fourteenth Amendment and the First Amendment. *Id.* at 5.

As relief, Plaintiffs generally seek (1) class-wide declarations that sections 241 and 253 are unconstitutional; (2) class-wide injunctions effectuating those declarations; (3) an order requiring the Secretary of State to provide notice to all class members and otherwise educate the public regarding the restored rights; and (4) reasonable costs and attorney's fees. *Id.* at 43–45.

In the present motion, Plaintiffs seek to certify a class they now define as including:

> Any person who (a) is or becomes disenfranchised under Mississippi state law by reason of a conviction of a crime that the Secretary of State contends is disenfranchising under Section 241 of the Mississippi Constitution, Miss. Code § 23-15-11 and/or Miss. Code § 23-15-19, and (b) has completed the term of incarceration, supervised release, parole and/or probation for each such conviction.

Pls.' Mem. [45] at 11.

II.  Analysis

Class certification is a two-step process. First, Rule 23 provides four prerequisites to class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016). Although Hosemann says Plaintiffs' claims are substantively meritless, he agrees Plaintiffs have satisfied these four procedural criteria.

2

Second, "[a] class action may be maintained" if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Again, Hosemann preserves his merits-based opposition to Plaintiffs' claims but acknowledges that they "dovetail with Rule 23(b)(2)'s expressed requirements." Def.'s Mem. [50] at 8.

Accordingly, there is effectively no dispute Plaintiffs' motion satisfies all technical requirements for class certification under Rule 23. Nevertheless, Hosemann asks the Court to deny class certification because it is unnecessary. Alternatively, Hosemann urges the Court to re-define the class if it is certified. The balance of this Order will separately examine the suggested necessity requirement and the class definition.

A. Necessity

Hosemann reasons that because success on Plaintiffs' constitutional claims "will simultaneously benefit" the proposed class, class certification "lacks utility" and should be denied. Def.'s Mem. [50] at 8. His argument has practical appeal, but it finds no foothold in Rule 23's text.

Still, some courts have suggested that class certification may be rejected if the class is unnecessary. One such case is *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach*, where the district court refused to allow class certification because the plaintiff failed to satisfy Rule 23's requirements. 493 F.2d 799, 812 (5th Cir. 1974). The plaintiff appealed, saying the district court abused its discretion by denying certification. *Id.* On appeal, the Fifth Circuit held:

> We find it unnecessary to determine the answer to this question, however, for whether or not appellants are entitled to class action treatment, the decree to
3

> which they are entitled is the same. . . . [T]he very nature of the rights appellants seek to vindicate requires that the decree run to the benefit not only of the named plaintiffs but also for all persons similarly situated. For racial discrimination is by definition class discrimination. Even with the denial of class action status, the requested injunctive and declaratory relief will benefit not only the individual appellants and the nonprofit corporation but all other persons subject to the practice under attack.

*Id.* (internal citations omitted).

Hosemann understandably construes this language as suggesting that courts must deny unnecessary certifications—even when Rule 23 is satisfied. But the Fifth Circuit has not read *United Farmworkers* as adopting a necessity requirement. *See Johnson v. City of Opelousas*, 658 F.2d 1065, 1069–70 n.5 (5th Cir. 1981) (considering *United Farmworkers* yet stating that Fifth Circuit "has not confronted the [necessity] question directly"); *see also Pederson v. La. State Univ.*, 213 F.3d 858, 867 n.8 (5th Cir. 2000) (observing that Fifth Circuit "has, in the past, declined to decide whether necessity can play a role in class certification decisions" and "again declin[ing] to decide this question"); *Mitchell v. Johnson*, 701 F.2d 337, 345 n.11 (5th Cir. 1983) ("Since this Court concludes that class certification was 'necessary,' we need not decide whether lack of need is a valid basis for denial of class certification.").

Even assuming *United Farmworkers* had judicially created an additional requirement not present in Rule 23's text, the decision would not withstand Justice Scalia's analysis of Rule 23 in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). There, the Supreme Court held:

> The question in dispute is whether Shady Grove's suit may proceed as a class action. Rule 23 provides an answer. It states that "[a] class action may be maintained" if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b). [Fed. R. Civ. P.] 23(b). By its terms this creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action. (The Federal Rules regularly use "may" to confer categorical

4

permission, *see, e.g.*, [Fed. R. Civ. P.] 8(d)(2)–(3), 14(a)(1), 18(a)–(b), 20(a)(1)–(2), 27(a)(1), 30(a)(1), as do federal statutes that establish procedural entitlements, *see, e.g.*, 29 U.S.C. § 626(c)(1); 42 U.S.C. § 2000e-5(f)(1).)

. . .

Allstate asserts that Rule 23 neither explicitly nor implicitly empowers a federal court "to certify a class in each and every case" where the Rule's criteria are met. [Br. For Resp't] at 13–14. But that is *exactly* what Rule 23 does: It says that if the prescribed preconditions are satisfied "[a] class action *may be maintained*" (emphasis added)—not "*a class action may be permitted*." Courts do not maintain actions; litigants do. The discretion suggested by Rule 23's "may" is discretion residing in the plaintiff: He may bring his claim in a class action if he wishes.

559 U.S. at 398–400 (emphasis in original).

In other words, Rule 23's plain text "unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met." *Id.* at 406 (emphasis in original). They are met in this case; class certification is therefore appropriate. *See Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 310 n.14 (3d Cir. 2016) (noting that "requiring 'necessity' over and above Rule 23's enumerated criteria would create conflict with *Shady Grove*").[1]

### B. Definition of the Class

In their opening brief, the Hopkins Plaintiffs offered the following class definition:

Any person who (a) is or becomes disenfranchised under Mississippi state law by reason of a conviction of a crime that the Secretary of State contends is disenfranchising under Section 241 of the Mississippi Constitution, Miss. Code § 23-15-11 and/or Miss. Code § 23-15-19, and (b) has completed the term of incarceration, supervised release, parole and/or probation for each such conviction.

---

[1] Plaintiffs say that even if the Court should consider necessity, it exists in this case primarily because some claims could become moot and the relief they seek regarding notice implicates the need for a class. These arguments are only somewhat compelling, but coupled with the *Shady Grove* analysis, they offer further support for certifying this class.

5

Pls.' Mem. [45] at 11. Hosemann suggests two alterations. First, he proposes that subsection (a) be revised to specify disenfranchisement "by reason of a conviction of a disenfranchising offense." Def.'s Mem. [50] at 15–16. Plaintiffs agree. Pls.' Reply [52] at 9.

Second, Hosemann proposes that subsection (b) should include only felons who have completed "all terms of their full sentence" including "payment of fines or restitution." Def.'s Mem. [50] at 16. Plaintiffs oppose this revision, characterizing it as a "fundamental merits question that goes to the heart of this litigation: *when should individuals convicted of disenfranchising offenses regain the right to vote?*" Pls.' Reply [52] at 19 (emphasis in original).

The Court agrees; the issue encompasses the merits. So for now, the class should be broadly defined to include individuals who have not yet paid all fines and restitution. *See In re Sheffield*, 281 B.R. 35, 35 (Bankr. S.D. Ala. 2001) (finding that broad definition of class was appropriate until trial). If this definition is proven to be overly broad, the Court has authority to modify it. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class-certification may be altered or amended before final judgment."); *McNamara v. Felderhof*, 410 F.3d 277, 280 n.8 (5th Cir. 2005) (noting a district court can reconsider or modify its class-certification ruling). Defendant's request to modify the class definition to exclude those who have not satisfied their fines and restitution is denied without prejudice.

III. Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome. For the reasons given, Plaintiffs' motion for class certification is granted. The class is defined as follows:

> Any person who (a) is or becomes disenfranchised under Mississippi state law by reason of a conviction of a disenfranchising offense, and (b) has completed the term of incarceration, supervised release, parole, and/or probation for each such conviction.

There are, however, a few loose ends the parties will need to address. First, the Court must appoint class counsel under Rule 23(g). In their proposed order, the Hopkins Plaintiffs named themselves as class representatives and their attorneys as counsel. But this case was consolidated with *Harness v. Hosemann*, and the Court is unsure how the Rule 23(g) designations affect the Harness Plaintiffs and attorneys. Second, the Court needs input on how notice should be addressed under Rule 23(c)(2)(A). Finally, the parties must provide guidance on whether class certification and Rule 23's notice provisions (or any others) impact the pending summary-judgment motions and/or the remaining course of litigation. A joint status report outlining the parties' positions on these issues should be filed within 14 days of this Order.

**SO ORDERED AND ADJUDGED** this the 13th day of February, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE