# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| ROY HARNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI, in his official capacity, <br><br> Defendant. | Civil Action No. 3:17-cv-791-DPJ-FKB <br> *Consolidated with* <br> Civil Action No. 3:18-cv-188-CWR-LRA |
| DENNIS HOPKINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELBERT HOSEMANN, SECRETARY OF STATE OF MISSISSIPPI, in his official capacity, <br><br> Defendant. | |

## JOINT STATUS REPORT
## REGARDING CLASS CERTIFICATION-RELATED ISSUES

On February 13, 2019, the Court granted class certification in *Hopkins v. Hosemann* (the "*Hopkins* Litigation"), captioned above. Order Granting Mot. to Certify Class, *Harness, et al. v. Hosemann*, 3:17-cv-791-DPJ-FKB (S.D. Miss. Feb. 13, 2019), ECF No. 89. In its decision, the Court instructed the parties to submit, within 14 days of the Order granting class certification, a joint status report outlining the parties' positions on the following issues: (1) how the Rule 23(g) class counsel designations in the *Hopkins* Litigation affect the plaintiffs and counsel in *Harness v. Hosemann* (the "*Harness* Litigation"), with which the *Hopkins* Litigation is consolidated; (2) how notice should be addressed under Rule 23(c)(2)(A); and (3) whether class certification and Rule 23's notice provisions, or any other provisions of Rule 23, impact the pending summary judgment motions and/or the remaining course of the litigation. The parties' positions on these issues are set forth below.

I.     **How the Rule 23(g) Designation of Class Counsel in the *Hopkins* Litigation Affects the *Harness* Plaintiffs and Attorneys**

The *Harness* and *Hopkins* Plaintiffs are in agreement that only counsel for the *Hopkins* Plaintiffs, namely the Southern Poverty Law Center and Simpson Thacher & Bartlett LLP, should be designated as class counsel pursuant to Rule 23(g) with respect to the claims at issue in the *Hopkins* Litigation.

Although the *Hopkins* and *Harness* Litigations are consolidated, the *Harness* Litigation, unlike the *Hopkins* Litigation, is not styled as a class action. The sole claim of the *Harness* Plaintiffs is that all but two of the disenfranchising offenses enumerated in Section 241 of the Mississippi Constitution violate the Equal Protection Clause of the Fourteenth Amendment. (They are not raising an equal protection claim with respect to the addition of murder and rape to Section 241 in 1968.) The *Harness* Plaintiffs did not file their case as a class action because they believe class certification is not necessary given the nature of their claim and the relief they

request. The *Hopkins* Plaintiffs, who did file a class action, bring different claims and seek different relief. As the Court noted, [89] at 2, the *Hopkins* Plaintiffs contend that Section 241's lifetime voting ban for individuals convicted of disenfranchising offenses violates the Eighth Amendment's prohibition on cruel and unusual punishment and also violates the Fourteenth Amendment, which permits states only to temporarily "abridge" the right to vote for participation in a crime but not deny it permanently. The *Hopkins* Plaintiffs further contend that Section 253 of the Mississippi Constitution violates both the Equal Protection Clause of the Fourteenth Amendment and the First Amendment. Because the cases raise different claims, the *Hopkins* Plaintiffs' counsel should be appointed as class counsel with respect to their specific claims but not with respect to the *Harness* Plaintiffs' claim that Section 241 violates the Equal Protection Clause of the Fourteenth Amendment. The *Harness* Plaintiffs will continue to be represented by their own counsel for purposes of that claim.

## II.   How Notice Should Be Addressed Under Rule 23(c)(2)(A)

Although Rule 23(c)(2)(A) provides that the Court may, in its discretion, order notice to class members in classes certified under Rule 23(b)(2), the *Hopkins* Plaintiffs are not requesting notice to class members at this stage of the proceedings. The *Hopkins* and *Harness* Plaintiffs are in agreement that an order directing notice pursuant to Rule 23(c)(2)(A) is unnecessary here. *See, e.g., Wal-Mart Stores v. Dukes*, 564 U.S. 338, 363 (2011) (recognizing that Rule 23(b)(2) "does not require that class members be given notice. . . presumably because it is thought . . . that notice has no purpose when the class is mandatory").

**III.    The Impact of Class Certification on the Pending Summary Judgment Motions and/or the Remaining Course of the Litigation**

The *Harness* and *Hopkins* Plaintiffs agree that neither the class certification, Rule 23's notice provisions, nor any other provisions of Rule 23 impact the pending summary judgment motions or the proceedings on liability. The *Harness* and *Hopkins* Plaintiffs have no position as of yet on whether and how class certification and/or Rule 23's provisions may impact any remedial orders.

With respect to summary judgment, the *Harness* and *Hopkins* Plaintiffs are in agreement that there are no procedural hurdles or other issues that must be resolved in order for the Court to rule on the pending motions. If it would aid the Court in its consideration of the legal issues in dispute, the *Harness* and *Hopkins* Plaintiffs would be prepared to work to propose potential dates convenient to the Court for oral argument on the pending motions.

**IV.    Secretary of State Hosemann's Positions**

Secretary Hosemann agrees, in all material respects, with the *Harness* and *Hopkins* plaintiffs' above stated positions on the Court's inquiries. The Secretary submits that, although the consolidated cases involve common factual and legal issues, answering the question of "who represents which plaintiffs for what claim?" is essentially the plaintiffs' prerogative at this point. Class notice is neither required nor necessary at this stage, and the *Hopkins* class members lack a right to opt-out of a Rule 23(b)(2) class. Secretary Hosemann does not believe class certification impacts the parties' pending summary judgment motions. And if those motions do not fully resolve the cases, the Court has ample authority under Rule 23, and otherwise, to address any class-related issues that may arise and impact the remaining course of the litigation.

Dated: February 26, 2019

By:    /s/  Paloma Wu

SIMPSON THACHER & BARTLETT LLP  
Jonathan K. Youngwood (*pro hac vice*)  
Janet A. Gochman (*pro hac vice*)  
Nihara K. Choudhri (*pro hac vice*)  
Isaac Rethy (*pro hac vice*)  
Tyler Anger (*pro hac vice*)  
425 Lexington Avenue  
New York, NY 10017  
(212) 455-2000  
jyoungwood@stblaw.com  
jgochman@stblaw.com  
nchoudhri@stblaw.com  
irethy@stblaw.com  
tyler.anger@stblaw.com

SOUTHERN POVERTY LAW CENTER  
Jody E. Owens, II (Miss. Bar No. 102333)  
Paloma Wu (Miss. Bar No. 105464)  
111 East Capitol Street, Suite 280  
Jackson, MS 39201  
(601) 948-8882  
Jody.Owens@splcenter.org  
Paloma.Wu@splcenter.org

Lisa Graybill (*pro hac vice*)  
1055 St. Charles Avenue  
New Orleans, LA 70130  
(504) 486-8982  
Lisa.Graybill@splcenter.org

*Attorneys for the Hopkins Plaintiffs*

4

By:   /s/  Robert McDuff

MISSISSIPPI CENTER FOR JUSTICE
Beth L. Orlansky (Miss. Bar No. 3938)
Jeremy Eisler (Miss. Bar No. 5493)
P.O. Box 1023
Jackson, MS 39205-1023
(601) 352-2269
borlansky@mscenterforjustice.org
jeisler@mscenterforjustice.org

THE LIPMAN LAW FIRM
David M. Lipman
5915 Ponce de Leon Blvd., Suite 44
Coral Gables, FL 33146
(305) 662-2600
dmlipman@aol.com

DERFNER & ALTMAN
Armand Derfner (*pro hac vice*)
575 King Street, Suite B
Charleston, SC 29403
(804) 723-9804
aderfner@derfneraltman.com

THE LAW OFFICE OF ROBERT MCDUFF
Robert B. McDuff (Miss. Bar No. 2532)
767 North Congress Street
Jackson, MS 39202
(601) 969-0802
rbm@mcdufflaw.com

PHELPS DUNBAR
Fred L. Banks, Jr. (Miss. Bar No. 1733)
P.O. Box 16114
Jackson, MS 39236-6114
(601) 352-2300
fred.banks@phelps.com

*Attorneys for the Harness Plaintiffs*

5

By:    S/Justin L. Matheny            

JIM HOOD, ATTORNEY GENERAL

Justin L. Matheny (Bar No. 100754)
Krissy Casey Nobile (Bar No. 103577)
Office of the Attorney General
P.O. Box 220
550 High Street
Jackson, MS 39205
(601) 359-3680
jmath@ago.state.ms.us
knobi@ago.state.ms.us

*Attorneys for Defendant Secretary of State*
*Delbert Hosemann*

6